1  RASHEED M. McWILLIAMS (SBN 281832)
   *rmcwilliams@zuberlawler.com*
2  ZUBER LAWLER & DEL DUCA LLP
   350 S. Grand Avenue, 32nd Floor
3  Los Angeles, California 90071
   Telephone:  (213) 596-5620
4  Facsimile:   (213) 596-5621

5  Attorneys for Plaintiff
   Zelus Film Holding Company, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ZELUS FILM HOLDING COMPANY, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br>AMAZON.COM, INC., a Delaware corporation, AMAZON DIGITAL SERVICES LLC, a Delaware limited liability company, and Does 1-5, inclusive,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br><br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT; and**<br><br>**3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff, Zelus Film Holding Company, LLC, by and through its attorneys, Zuber, Lawler & Del Duca LLP, as and for the complaint against Defendants Amazon.com Inc., and Amazon Digital Services LLC, allege as follows:

/ / /

/ / /

/ / /

/ / /

## NATURE OF THE ACTION

1. This is a civil action for damages against Defendants for violations of the United States Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. (the "Copyright Act"). This action arises out of Defendants' direct and contributory infringement of the copyright in a motion picture, *Spellbound* (hereafter the "Motion Picture"), to which Plaintiff owns or controls copyright and/or exclusive distribution rights.

2. Defendants violated Plaintiff's copyright by streaming, broadcasting, renting, selling and distributing the Motion Picture in the United States without Plaintiff's permission. Plaintiff seeks damages for Defendants' infringements and an injunction to prevent further unlawful use.

## PARTIES

3. Plaintiff ZELUS FILM HOLDINGS LLC, is, and at all times relevant hereto was, a limited liability company organized and operating under the laws of the State of Delaware, with its principal place of business in this district in the County of Los Angeles.

4. Upon information and belief, Defendant AMAZON.COM, INC. ("Amazon") is a corporation organized and operating under the laws of the State of Delaware, with its principal place of business in Seattle, Washington.

5. Upon information and belief, Defendant AMAZON DIGITAL SERVICES LLC ("Amazon Digital") is a limited liability company organized and operating under the laws of the State of Delaware, with its principal place of business in Seattle, Washington.

6. Upon information and belief, Amazon Digital owns and operates the Prime Video website and service, and the Prime Video App, described below.

7. Upon information and belief, Amazon Digital is completely controlled in every manner by Defendant Amazon.

8. Amazon and Amazon Digital may hereafter be referred to collectively as the Amazon Defendants.

9. Plaintiff is presently unaware of the true names and capacities of Defendants sued herein as DOES 1 through 5 (hereafter, "Doe Defendants"), inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct.

10. Hereinafter all Defendants including Doe Defendants will sometimes be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C § 101 et seq.). This action is a civil action over which this court has original jurisdiction.

12. Personal jurisdiction over Defendants is proper in this Court, among other reasons, on the grounds that Defendants, through their interactive web-based subscription service, caused the unlicensed streaming, rental, sale, broadcast and distribution of the Plaintiff's Motion Picture throughout the State of California, including within this judicial district.

13. This Court has personal jurisdiction over Defendants pursuant to CCP § 410.10 (California's long-arm statute) due to their continuous and systematic business activities within California as described below. Defendants have conducted and do conduct business within California. Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise products in the United States, and specifically to California. Defendants purposefully and voluntarily streamed, rented, sold, broadcast and distributed Plaintiffs' Motion Picture in California.

14. Venue is proper within this District pursuant to 28 U.S.C. §1400, and is also proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c) because Defendants, and each of them, are subject to personal jurisdiction in this District as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## GENERAL AND FACTUAL ALLEGATIONS

15. All distribution and exploitation rights under copyright in the Motion Picture were granted to Plaintiff's predecessor in interest, ThinkFilm LLC ("ThinkFilm"), by a Distribution Agreement dated September 18, 2002 by and between ThinkFilm and Alphabet City Pictures, a sole proprietorship run by Jeffrey Blitz.

16. The copyright in the Motion Picture, PA0001209296, was registered to Jeffrey Blitz, who does business as Alphabet City Pictures, and Sean Welch on March 18, 2003.

17. Plaintiff became the successor-in-interest to the rights of ThinkFilm on or about December 16, 2015, pursuant to a foreclosure of certain assets ThinkFilm pledged as collateral for repayment of various loans, which assets included, without limitation, all of Think's right, title and interest in and to the Motion Picture under the Distribution Agreement.

18. The Amazon Defendants own and operate an internet video on demand and digital distribution service called Prime Video or Amazon Prime Video (hereafter, "Prime Video") through which they offer films and television shows for rent or purchase, and in addition, to stream on demand - as part of the Prime Video subscription included with any membership (free trial and paid monthly or yearly) to Amazon Prime. Prime Video is accessible through Amazon.com.

19. Prime Video is also accessible via a Prime Video "app" which is available for download on a range of smart televisions, Amazon branded devices, mobile devices, Blu-ray players, game consoles and streaming media devices.

1	20.	In the period of time between July 7, 2017 and February 4, 2019, Defendants, without authorization or license, exploited the Motion Picture in both video on demand ("VOD") and subscription video on demand ("SVOD") streaming formats on the Prime Video streaming platform.

	21.	Upon information and belief, collectively, during the period of time between July 7, 2017 and February 4, 2019, the Motion Picture was collectively streamed on demand, rented or purchased hundreds of times or more by Prime Video subscribers.

	22.	Because information regarding Defendants' full distribution and exploitation of the Motion Picture remains incomplete or in Defendants' sole possession, the full and complete scope of Defendants' infringing activities and infringing uses of the Motion Picture has not yet been fully ascertained.

	23.	On February 4, 2019, Plaintiff sent the Amazon Defendants a notice of copyright infringement.  Defendants subsequently removed the Motion Picture from Prime Video.

	24.	Plaintiff has sent Amazon two (2) separate letters requesting information relating to the unauthorized exploitation prior to bringing this action. To date, Amazon has not responded to either letter.

	25.	This action is solely based on the unauthorized exploitation of the Motion Picture that occurred on Prime Video between July 7, 2017 and February 4, 2019.

## FIRST CAUSE OF ACTION
### Copyright Infringement
(All Defendants)

	26.	Plaintiff incorporates by reference each and all prior allegations in Paragraphs 1-25 as if set forth herein.

	27.	On information and belief, the Doe Defendants violated the exclusive rights of Plaintiff by agreeing to the distribution and exploitation of the Motion

Picture in the United States by the Amazon Defendants without authorization or license from Plaintiff from a date presently unknown, but to be confirmed through discovery, through at least February 4, 2019.

28. The Amazon Defendants violated the exclusive rights of Plaintiff by distributing the Motion Picture in the United States via streaming on demand, and/or for rent or sale on its Prime Video service from a date presently unknown, but to be confirmed through discovery, through at least February 4, 2019.

29. The Amazon Defendants' distribution of the Motion Picture in the United States via streaming on demand, and/or for rent or sale on its Prime Video service was done without obtaining Plaintiff's license, approval or authorization.

30. The acts of infringement by Defendants have been willful, intentional, and with disregard and indifference to the rights of Plaintiff.

31. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights under copyright in the Motion Picture, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to its actual damages, including Defendants' profits from infringement, as will be proven at trial.

32. Plaintiff is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement

(The Doe Defendants)

33. Plaintiff incorporates by reference each and all prior allegations in Paragraphs 1-32 as if set forth herein.

34. The Doe Defendants, by facilitating, managing or directing unauthorized distributions of the Motion Picture, to which Plaintiff holds the exclusive rights,

materially contributed to the violation of the copyright laws by the Amazon Defendants in that the Doe Defendants have offered to, and entered into agreements with the Amazon Defendants, resulting in the unauthorized and unlicensed distribution of the Motion Picture by the Amazon Defendants, and the unauthorized and unlicensed streaming, rental and/or purchase of the Motion Picture by Prime Video subscribers, either through the Amazon.com website or the Prime Video App.

35. The acts of contributory infringement by the Doe Defendants have been committed willfully and with the knowledge that their conduct aided and abetted the Amazon Defendants' violations of the exclusive rights of Plaintiff to distribute the Motion Picture.

36. Each unlawful distribution of the Motion Picture, whether by on demand stream, rental and/or sale, constitutes a separate act of contributory infringement for which Plaintiff is entitled to actual damages.

37. As a direct and proximate result of the Doe Defendant's infringement of Plaintiff's exclusive rights under copyright in the Motion Picture, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to its actual damages, including Defendants' profits from infringement, as will be proven at trial.

38. Plaintiff is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION
### Vicarious Copyright Liability
(All Defendants)

39. Plaintiff incorporates by reference each and all prior allegations in Paragraphs 1-32 as if set forth herein.

40. The Doe Defendants have a right and ability to supervise the Amazon

Defendants and their video streaming service, Prime Video, through the agreement signed by the Doe Defendants and the Amazon Defendants for the exploitation of the Motion Picture.

41. The Doe Defendants also had a direct financial interest in the exploitation of the Motion Picture by the Amazon Defendants via the Prime Video service based on the license payments from the Amazon Defendants either paid or due to be paid the Doe Defendants.

42. Amazon has a right and ability to supervise Amazon Digital and its video streaming service, Prime Video, based on Amazon's control of its subsidiary Amazon Digital.

43. Amazon also has a direct financial interest in the exploitation of the Motion Picture by Amazon Digital via the Prime Video service.

44. As a direct and proximate result of the Doe Defendant's infringement of Plaintiff's exclusive rights under copyright in the Motion Picture, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to its actual damages, including Defendants' profits from infringement, as will be proven at trial.

45. Plaintiff is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## PRAYER

Plaintiff Zelus Film Holding Company LLC prays that this Court enter judgment against Defendants Amazon.com, Inc., Amazon Digital Services LLC, and Does 1-5, inclusive, as follows:

1. That Defendants be held to have infringed upon Plaintiff's exclusive rights under copyright in violation of the Copyright Act of 1976, 17 U.S.C. §§ 501 et seq.;

2. That Defendants be held to have willfully infringed upon Plaintiff's copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 501 et seq.;

3. That the Doe Defendants be held to have contributed to the infringement of Plaintiff's exclusive rights in a copyrighted work;

4. That the Defendants be held vicariously liable for the infringement of Plaintiff's exclusive rights in a copyrighted work;

5. For actual damages suffered by Plaintiff and any profits made by Defendants, pursuant to 17 U.S.C. § 504(b);

6. For statutory damages, upon Plaintiff's election, pursuant to 17 U.S.C. § 504(c);

7. For exemplary and punitive damages as provided by law because of the willful and deliberate nature of Defendants' actions;

8. For costs and attorney's fees pursuant to 17 U.S.C. § 505;

9. For post-judgment interest on any amounts awarded; and

10. For all such other and further relief as the Court may deem just and proper.

Dated: July 14, 2020                    Respectfully submitted,

By: /s/Rasheed McWilliams
RASHEED M. MCWILLIAMS
**ZUBER LAWLER & DEL DUCA LLP**
Attorneys for Plaintiff
Zelus Film Holding Company, LLC

## DEMAND FOR JURY TRIAL

Plaintiff Zelus Film Holding Company, LLC hereby demands trial by jury on each and every issue, claim, and/or cause of action set forth in this Complaint which is so triable.

Dated: July 14, 2020                         Respectfully submitted,


By: /s/ Rasheed McWilliams
RASHEED M. MCWILLIAMS
**ZUBER LAWLER & DEL DUCA LLP**
Attorneys for Plaintiff
Zelus Film Holding Company, LLC